**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4134**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICOLAS VALENCIA DUARTE, a/k/a Juan Ramirez
Portillo,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, District
Judge. (1:05-cr-00201-WLO)

---

Submitted: August 30, 2006          Decided: September 21, 2006

---

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian M. Aus, Durham, North Carolina, for Appellant.  Anna Mills
Wagoner, United States Attorney, Randall Stuart Galyon, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nicholas Valencia Duarte appeals his conviction and sentence following a guilty plea to conspiracy to distribute 50 grams or more of methamphetamine, a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride, and 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (2000). Duarte's attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as a potential issue whether the district court abused its discretion when it denied trial counsel's motion to withdraw. Duarte was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Whether a motion for substitution of counsel should be granted is within a trial court's discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). An indigent defendant has no right to a particular attorney and can demand new counsel only for good cause. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). Further, a defendant does not have an absolute right to substitution of counsel. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). In evaluating whether the trial court abused its discretion in denying counsel's motion to withdraw, this court must consider: (1) the timeliness of the

motion; (2) the adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense. Gallop, 838 F.2d at 108.

In this case, Duarte filed his motion only two weeks before sentencing, and after pleading guilty. The district court conducted an adequate inquiry into Duarte's reasons for requesting his counsel withdraw. Duarte's sole reason for wanting new counsel was that his counsel had advised him that the letter from a witness indicating that Duarte had nothing to do with the drugs was not going to help him. However, this is not sufficient to warrant Duarte being appointed or retaining new counsel. See United States v. Johnson, 114 F.3d 435, 443-44 (4th Cir. 1997) (holding that disagreement with counsel concerning trial strategy and tactics does not constitute a breakdown in communications sufficient to warrant new counsel). Duarte had no other complaints about his counsel and, in fact, stated that if he were to proceed to trial he would have counsel represent him. Counsel indicated that she was willing and capable to continue representing Duarte. We find no evidence in the record that the conflict between Duarte and counsel resulted in a total lack of communication preventing Duarte from receiving adequate representation. We therefore conclude the district court did not abuse its discretion in denying counsel's motion to withdraw.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Duarte's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>